NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAOLIN CHANG; SHA CHANG, | No. 16-70616 |
| Petitioners, | Agency Nos. A087-842-598 |
| v. | A087-842-599 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Petitioners Baolin Chang and Sha Chang, natives and citizens of China, seek

review of a final order of the Board of Immigration Appeals (BIA) dismissing the

appeal of an immigration judge's (IJ) denial of asylum, withholding of removal

and protection under the Convention Against Torture (CAT). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.   The agency gave "specific and cogent reasons" for its adverse credibility determination. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010)).  For instance, the agency noted that Petitioners voluntarily returned to China after leaving the country following Baolin's allegedly persecutorial arrest and beating.  "[A] petitioner's voluntary return may be considered in rendering an adverse credibility finding." *Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir. 2008); *see also Jie Cui v. Holder*, 712 F.3d 1332, 1337 (9th Cir. 2013) ("Cui's ability to travel to Mexico, his lack of efforts to then enter the United States, and his voluntary decision to return to China go to the heart of his asylum claim because they undermine his assertions that he feared persecution.").  "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination," *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman*, 972 F.3d at 1064), and those circumstances are not present here.  Because the non-testimonial evidence in the record is insufficient to independently establish any of Petitioners' claims, this adverse credibility determination is dispositive.  *See Shrestha*, 590 F.3d at 1048 & n.6; *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

2.  We deny Petitioners' request for a remand to correct the defect in the transcript because they have not exhausted their administrative remedies with

respect to this request.  *See* 8 U.S.C. § 1252(d)(1); *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1082 (9th Cir. 2025) ("Although the exhaustion requirement is non-jurisdictional, we must apply it when, as here, it is invoked by the government.").

**PETITION DENIED.**[1]

---

[1] Petitioners' motion for a stay of removal, Dkt. 1, is denied.